a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| **JEZREEL ALONSO BLANDON OCHOA #A220197428,** <br> Plaintiff | CIVIL DOCKET NO. 1:24-CV-00192 <br> SEC P |
| VERSUS | JUDGE EDWARDS |
| **I C E DETENTION CENTER,** <br> Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 (ECF No. 1) filed by pro se Petitioner Jezreel Alonso Blandon Ochoa ("Ochoa"). Ochoa is a detainee at the ICE Processing Center in Jena, Louisiana. ECF No. 1.

Because Ochoa cannot show that his detention is unlawful, his Petition should be DISMISSED WITHOUT PREJUDICE.

I.　Background

Ochoa is a native and citizen of Nicaragua. ECF No. 1 at 6. He was granted voluntary departure on October 17, 2023, with a departure deadline of March 12, 2024. ECF No. 8-2 at 1. The departure Order provides that an Alternate Order of Removal will take effect if Ochoa does not depart within the designated time. *Id.*

Ochoa filed his habeas Petition on February 7, 2024, prior to the departure deadline. Ochoa was ordered to provide additional information regarding his claim, and his response of March 25, 2024, indicates that he had not departed. ECF No. 8.

II.   <u>Law and Analysis</u>

Under 8 U.S.C. § 1231(a)(1)(A), the Government generally has 90 days to remove an alien after he is ordered removed. However, the Supreme Court has held that § 1231 permits the detention beyond 90 days, for a period reasonably necessary to bring about that alien's removal from the United States. *See Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Detention for up to six months after the removal order becomes final is presumptively reasonable. *Id.*

After six months, however, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the government must respond with evidence sufficient to rebut that showing. The six-month presumption does not mean that every alien not removed must be released after six months. To the contrary, an alien may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas,* 533 U.S. at 701.

A "voluntary departure" becomes "final" when "an immigration judge issues an alternate order of removal," if the individual "overstay[s]" their voluntary departure period. *See* 8 C.F.R. § 1241.1(f). Because Ochoa did not depart, the Alternate Order of Removal became effective upon passing of the March 12, 2024, departure deadline. ECF No. 8-2 at 1.

When the Petition was signed, Ochoa was not yet in post-removal order detention. Assuming Ochoa did not appeal, his removal order became final on March 13, 2024, and the Government "shall" detain him during the following 90 day removal

period.  *See* 8 U.S.C. § 1231(a)(1)(A).  Thereafter, it is presumptively reasonable for Ochoa to remain detained up to six months.  *See Zadvydas*, 533 U.S. at 701.

Neither the 90 day removal period nor the presumptively reasonable six-month period of post-removal order detention have passed.  Thus, Ochoa's habeas petition is meritless.  *See* 8 U.S. § 1231(a)(1)(A); *see also Okpoju v. Ridge*, 115 F. App'x 302 (5th Cir. 2004), *cert. denied*, 544 U.S. 1066 (2005); *see also Chance v. Napolitano*, 453 F. App'x 535 (5th Cir. 2011); *Agyei-Kodie v. Holder*, 418 F. App'x 317, 318 (5th Cir. 2011).

III.  Conclusion

Because Ochoa's detention is proper, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE to refiling if his detention becomes unlawful.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b).  A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Tuesday, April 9, 2024.

                                                 JOSEPH H.L. PEREZ-MONTES
                                                 UNITED STATES MAGISTRATE JUDGE